**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 11 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDUARDO DE JESUS ARGUETA-
GALDAMEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3860

Agency No.
A205-147-239

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2025[**]
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.

In a previous petition, Eduardo De Jesus Argueta-Galdamez ("Petitioner")

sought review of a decision by the Board of Immigration Appeals ("BIA")

dismissing his appeal from an Immigration Judge's ("IJ") order denying his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously granted the parties' joint motion to submit this case without oral argument. *See* Fed. R. App. P. 34(a)(2)(f).

application for cancellation of removal and his request for administrative closure. Case No. 20-73543 (9th Cir. Dec. 4, 2020). We remanded to the BIA to consider the impact of *Matter of Cruz-Valdez*, 28 I. & N. Dec. 326 (A.G. 2021) on administrative closures, and the BIA again dismissed Petitioner's appeal. The BIA declined to administratively close Petitioner's immigration proceedings as a matter of discretion, and declined to disturb its previous "hardship determination" for cancellation of removal. In doing so, the BIA noted that our remand order "did not vacate" its earlier decision regarding cancellation of removal. Petitioner thereafter filed the instant petition for review. Dkt. 1. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024), and we deny the petition.[1]

Petitioner argues that the BIA failed to consider the potential hardship to his eldest daughter. Petitioner has two U.S.-citizen daughters who were three and 17 years old when the IJ denied Petitioner's application for cancellation of removal. By the time the BIA rendered its initial decision, Petitioner's eldest daughter had turned 21 years of age, and the BIA said that she no longer qualified as a "child" for purposes of cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D). The BIA

---

[1]    In his opening brief, Petitioner does not challenge the BIA's decision regarding administrative closure. Petitioner has thus waived review of that determination, *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013), and has not shown that any exceptions to waiver apply, *Koerner v. Grigas*, 328 F.3d 1039, 1048–49 (9th Cir. 2003).

nonetheless cited to *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), to hold that "[e]ven if hardship to both daughters was taken into account, we would adopt and affirm the Immigration Judge's decision to deny the application for cancellation of removal." Accordingly, contrary to Petitioner's argument, the BIA did indeed consider the potential hardship to his eldest daughter.

Next, Petitioner argues that the IJ and BIA failed to consider his eldest daughter's medical condition in the aggregate. For example, Petitioner argues that the IJ did not consider his eldest daughter's Polycystic Ovary Syndrome or hirsutism, but the IJ was not required to "individually identify and discuss every piece of evidence in the record," *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022), and there is no indication that the IJ "ignored highly probative evidence" concerning the eldest daughter's medical condition, *id.* at 771. And for its part, the BIA noted that the daughter "is missing one ovary," so it considered her medical condition. Further, both the IJ and BIA considered the "hardship factors . . . in the aggregate." *Wilkinson*, 601 U.S. at 215 (citation omitted). The IJ found that, "upon balance of the factors," the two daughters would not suffer the statutorily required hardship, and the BIA agreed "upon consideration of the totality of the circumstances." Finally, Petitioner argues that neither the IJ nor BIA "considered the severity of [Petitioner's eldest daughter's] many medical conditions," but this argument is foreclosed by *Wilkinson*, which held that "the

3                                                    23-3860

seriousness of a family member's medical condition . . . remain[s] unreviewable."

601 U.S. at 225.

**PETITION DENIED**.